The Honorable Phil Wyrick State Representative 11001 Alexander Road Mabelvale, AR 72103-1905
Dear Representative Wyrick:
This is in response to your request for an opinion with regard to a practice that one of your constituents is concerned about. You state that a motor vehicle dealer has been approached by a federally chartered credit union ". . . to [get the dealer to] offer a discount on automobile pricing to the Credit Union in exchange for referrals of Credit Union members by the Credit Union to the dealership." You indicate that you have been advised by the constituent that there have been concerns over the Air Force Base Credit Union practices in the past by the Arkansas Motor Vehicle Commission, and you have asked whether this practice would be violative of any state law, rule or regulation.
With regard to the Little Rock Air Force Base Credit Union ("Credit Union"), the Circuit Court of Pulaski County, Arkansas recently addressed the issue of whether the Credit Union was acting as a broker, contrary to A.C.A. § 23-112-406,[1] in connection with a program instituted by the Credit Union in the fall of 1989 for its members called "Deal on Wheels," and later "Auto Buyers' Assistance Program." See Little Rock Air ForceBase Federal Credit Union v. Arkansas Motor Vehicle Commission,
Pul. Co. Cir. Ct. No. 90-5159. This was a promotional program operated by the Credit Union through contracts with motor vehicle dealers licensed by the Arkansas Motor Vehicle Commission.
In an order entered August 5, 1991 (entitled "Amended Declaratory Judgment"), the court found that the Credit Union was acting as a broker. According to the court, the Credit Union was, under this program, arranging a transaction for the sale of new motor vehicles for purposes other than resale, and it was receiving valuable consideration for arranging such transactions in financing the new motor vehicles purchased by its members through the program. Id. at 5. The Credit Union did not fall within any of the statutory exceptions to the definition of "broker" (see
note 1, supra), and its conduct was held violative of A.C.A. §23-112-406, supra note 1.
This case was not appealed. While it therefore does not offer statewide precedent, it does present one Cirucit Court judge's view of that particular program, and it will govern the Credit Union's practices in Pulaski County.
I do not know whether the Credit Union is continuing this particular program, or any variation thereof, or whether the practice you have mentioned is sufficiently similar to fall within the August, 1991 order. This would involve a factual determination that is ordinarily outside the scope of an Attorney General opinion. I would suggest that your constituent contact his lawyer in order to make the necessary factual comparison.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Section 23-112-406 states that "[a] person may not act as, offer to act as, or hold himself out to be a broker." The term "broker" is defined in A.C.A. § 23-112-103(17) (Cum. Supp. 1991) as "[a] person who for any valuable consideration, whether received directly or indirectly, arranges or offers to arrange a transaction involving the sale, for purposes other than resale of a new motor vehicle, and who is not:
 (A) A dealer or bona fide agent or employee of a new motor vehicle dealer;
 (B) A representative or bona fide agent or employee of a manufacturer, factory branch, or factory representative of a new motor vehicle dealer;
 (C) A representative or bona fide agent or employee of a distributor or distributor branch of new motor vehicles; or
 (D) At any point in the transaction, the bona fide owner of the vehicle involved in the transaction.